# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY BROWN, | ) |
| Plaintiff, | ) |
| v. | ) No.: 18-cv-2297-MMM |
| VERMILION COUNTY JAIL, | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, currently incarcerated at the Stateville Correctional Center, proceeds *pro se* alleging a § 1983 claim for an incident which occurred at the Vermilion County Jail ("Jail"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

On September 7, 2018, Plaintiff was at the Jail eating his dinner, when he noted a foreign object in his food. Plaintiff spit out the object and identified it as an alcohol pad which had blood on it. Plaintiff informed Officer Robinson and Sergeant Young. Sergeant Young took the object from Plaintiff and recommended that he fill out a "request slip," not otherwise identified. Plaintiff does not identify any injury, either emotional or physical, but requests $250,000 in damages.

As Plaintiff is a pretrial detainee, his deliberate indifference claim arises under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, (2nd Cir. 2017). A Fourteenth Amendment claim is reviewed under an objective reasonableness standard. *See Miranda v. Lake*, 900 F.3d 335 (7th Cir. 2018) at *9, citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2466. A pretrial detainee asserting a Fourteenth Amendment claim need only establish "that the defendant's conduct was *objectively* unreasonable, not that defendant was *subjectively* aware that it was unreasonable." (Emphasis in original). Under the Fourteenth Amendment, a Defendant will be deliberately indifferent if he acted intentionally or recklessly, that is, that he knew or should have known that the condition posed an excessive risk to health or safety, and he did not take reasonable care to prevent the harm. *Darnell*, 849 F.3d at 35.

Plaintiff names only one Defendant, the Jail, which is not amenable to suit under section 1983. This is so, as a § 1983 action may only be asserted against a "person" who acts under color of state law." *Dye v. Wargo,* 253 F.3d 296, 299 (7th Cir.2001). A jail is not a person for purposes of the statute. *See Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014) ("[t]he 'Sangamon County Jail' is not a 'person' that may be sued under § 1983." *Wright v. Porter County,* 2013 WL 1176199, * 2 (N.D.Ind. Mar. 19, 2013)("Wright also sues the jail itself, but this is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations.)

Even if Plaintiff had named an individual Defendant, he would fail to state a constitutional claim. Plaintiff offers nothing to support that Jail staff knew of the foreign object, that the object posed a risk to Plaintiff's health or safety, and that staff did not take reasonable care to prevent the harm. *See Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (mere

negligence does not violate the constitution). "Food that 'occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.' Even a dead mouse in an inmate's meal was only a minimal deprivation without a showing of injury." *Drake v. Velasco*, 207 F. Supp. 2d 809, 812 (N.D. Ill. 2002) (internal citations omitted).

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile as Plaintiff cannot plead a constitutional violation under these facts. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2. This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3. Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4. If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

4/15/2019
ENTERED

s/Michael M. Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE